UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLIE JOE WILSON, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No: 2:14-cv-02219-MHH-JHE |
| | ) |
| **WARDEN CHRISTOPHER GORDY and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA,** | ) ) ) ) ) |
| Respondents. | |

## MEMORANDUM OPINION

On July 17, 2015, Magistrate Judge John England entered a report concerning Mr. Wilson's 28 U.S.C. § 2254 habeas petition. (Doc. 15). Judge England recommended that the Court dismiss Mr. Wilson's petition because the petition is time-barred. Mr. Wilson filed objections to Judge England's report. (Doc. 16). For the reasons stated below, the Court overrules those objections and accepts Judge England's recommendation.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error the portions of the report or proposed findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

**DISCUSSION**

### A. Objection 1

Mr. Wilson argues that the Court should allow him to pursue his federal statutory claims under 42 U.S.C. §§ 1985 and 1986 and 18 U.S.C. § 242 in conjunction with his habeas petition. Mr. Wilson urges the Court to exercise supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367. (Doc. 16 at 2-3). The Court would have original jurisdiction over the federal civil law claims, but Mr. Wilson may not assert those claims in this habeas action.[1]

---

[1] A habeas proceeding is characterized as a civil proceeding. *Anderson v. Singletary*, 111 F.3d 801, 804 (11th Cir. 1997) (habeas actions "are independent civil dispositions of completed criminal proceedings" and the "'civil' label is attached to habeas proceedings in order to

"'[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *Akinruntan v. Holder*, 2013 WL 5999982, at *7 (N.D. Ala. Sept. 30, 2013) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Causes of action that do not challenge either the fact or duration of a petitioner's custody are not proper for a habeas petition. *Id.* (citing, among others, *Muhammad v. Williams-Hubble*, 380 Fed. Appx. 925, 926-27 (11th Cir. 2010); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). As the magistrate judge stated, to pursue those non-habeas civil claims, Mr. Wilson must file a separate civil action and pay a higher filing fee. *See Griffin v. Florida*, 2011 WL 5299665, at *5 (N.D. Fla. Sept. 29, 2011); 28 U.S.C. § 1914(a). Therefore, the Court overrules Mr. Wilson's first objection.

### B.   Objection 2

Mr. Wilson's second objection concerns Judge England's findings regarding the timeliness of Mr. Wilson's claims. Mr. Wilson acknowledges that his claims are untimely, but he argues that three of his six claims are jurisdictional, and the Court may consider jurisdictional challenges at any time. (Doc. 16 at 3-4).

---

distinguish them from 'criminal' proceedings. . . .") (internal quotation marks and citation omitted). 18 U.S.C. § 242 is a criminal statute, not a civil statute.

Specifically, Mr. Wilson contends that: (1) there was no probable cause for arrest, so the convicting state court did not have subject-matter jurisdiction; (2) the prosecution was aware of fabricated evidence and perjured testimony; and (3) he is actually innocent. (*Id.* at 3). Wilson also argues that equitable tolling applies "under truly extraordinary circumstances," and his claims are not procedurally defaulted if review is necessary to correct a fundamental miscarriage of justice. (*Id.* at 4).

In support of his jurisdictional argument, Mr. Wilson cites an Alabama state case for the proposition "[a]n allegedly illegal sentence may be challenged at any time." (*Id.* at 4) (quoting *Henderson v. State*, 895 So. 2d 364, 365 (Ala. Ct. Crim. App. 2004)).[2] State authority is not binding and does not exempt Mr. Wilson's claims from the federal statute of limitations for habeas petitions. *See Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sept. 24, 2012) ("[A]ny characterization by the Alabama courts regarding whether any of [the petitioner]'s claims is considered 'jurisdictional' under state law is immaterial to whether such claims are subject to the one-year statute of limitations contained in 28 U.S.C. § 2244(d) when asserted in a § 2254 habeas petition.") (and cases cited therein); *Owens v. Mitchem*, 2012 WL 4009335, at *3 n.3 (N.D. Ala. July 10, 2012) (and

---

[2] Mr. Wilson also cites *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003), but that opinion does not address jurisdictional issues.

cases cited therein). Of the three "jurisdictional" claims that Mr. Wilson identifies, the first two are defaultable, *see Pope*, 2012 WL 4479263, at *1 (holding questions of state-court jurisdiction are defaultable); *Davis v. Terry*, 465 F.3d 1249, 1253 n.4 (11th Cir. 2006) (acknowledging that petitioner's claims, including a *Giglio* claim like Mr. Wilson's, were defaulted), and Judge England addressed the third claim, (Doc. 15 at 4-6). Judge England also addressed Mr. Wilson's brief statements about tolling and the fundamental-miscarriage-of-justice exception in his report. (*See id.* at 3-6).[3] The Court overrules this objection.

## C. Objection 3

Mr. Wilson's third objection is that the magistrate judge contradicted himself when the judge stated that Mr. Wilson has not presented new, reliable evidence not available at the time of trial. (Doc. 16 at 4-5). Mr. Wilson contends that he offered affidavits that constitute new evidence because the affidavits post-date the trial, and the affidavits contain "trust worthy eye witness accounts." (*Id.* at 5).

---

[3] The fundamental-miscarriage-of-justice exception also is called the actual-innocence exception. *See Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862 (1993) ("This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.").

Mr. Wilson misunderstands the standard that he must satisfy. Assuming for the sake of argument that the affidavits constitute "new" evidence,[4] the evidence must convince the Court that "it is more likely than not that *no* reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (emphasis added). Actual innocence:

> does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* at 329. Mr. Wilson's affidavits do not make such a showing alone or in combination with the alleged contradictions in the other trial evidence.[5] The Court overrules this objection.

---

[4] The Eleventh Circuit has left open the question of whether "evidence that was available at trial but was simply not presented should be considered 'new' under *Schlup*." *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1018 n.21 (11th Cir. 2012). The Court does not have to answer the question with regard to Mr. Wilson's evidence, which was available at the time of trial, because that evidence is not sufficient to establish actual innocence.

[5] Mr. Wilson also presents what appears to be a due-process argument based on the accused's right to compel testimony at trial. (Doc. 16 at 5-6). Even if this were a viable basis for objection, the magistrate judge considered Mr. Wilson's affidavit testimony and found, as the undersigned has, that it does not meet the high bar of an actual-innocence claim. (*See* Doc. 15 at 5-6).

### D.     Objection 4

Mr. Wilson next objects to the magistrate judge's recommendation that the Court deny the pending motions for discovery and appointment of counsel. (Docs. 3, 4; Doc. 16, p. 6). Mr. Wilson contends that if the Court were to grant his motions, the state's only witness at trial would be the witness under investigation for the murder. (*Id.*). Mr. Wilson cites authority for the proposition that discovery under the Federal Rules of Civil Procedure permits a broad search. (*Id.* at 6-7).

The Federal Rules of Civil Procedure do not exclusively govern discovery and expansion of the record in habeas cases. *See* Rule 12, RULES GOVERNING SECTION 2254 CASES ("The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "Generally, a habeas petitioner is not entitled to discovery as a matter of ordinary course, but [discovery] may be obtained upon showing 'good cause' to believe that the evidence sought would raise sufficient doubt about his guilt to undermine confidence in the result of the trial." *Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006) (internal citations and quotation marks omitted). "Good cause" requires specific allegations showing reason to believe the petitioner may be able to demonstrate he is entitled to relief if the facts are fully developed; therefore, mere speculation is insufficient. *Id.* at 1310-11. "The

petitioner must make [this] threshold showing of actual innocence to warrant a hearing." *Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004) (quoting, with approval, *Oswald v. Gammon*, 51 F.3d 277 (8th Cir. 1995)).

In his motion to expand the record and for discovery, Mr. Wilson appears to seek records, reports, and transcripts from the police investigation and court records, (Doc. 4 at 3); the records of the fire department and rescue units, (*id.*); the reports made by all of the personnel listed in the "Event Chronology," attached to the motion, (*id.* at 4-5; *id.* at 19-21); "all of the information" from all personnel of the Birmingham Police Department, all 911 operators, all of the rescue agencies, (*id.* at 5); all witness statements and pre-trial court records, (*id.* at 6); and a report from Officer Mullins, which Wilson assumes must exist, (*id.* at 7). Mr. Wilson does not explain why he needs all of these documents. Instead, he simply represents that he "needs" them, (*id.* at 3); he "was denied" them as part of the alleged *Brady* violation, (*id.* at 3 & 4); or the documents are "due to be supplemented," (*id.* at 5 & 6). None of these conclusory statements constitutes good cause for allowing discovery.

At one point, Mr. Wilson mentions that Brian Clark, Justin Hamilton, Detective Anderson, and Officer Mullins perjured themselves, but Mr. Wilson does not explain how. (*Id.* at 3). Mr. Wilson mentions several "contradictory

statements" that purportedly indicate perjury: (1) Officer Mullins's incident report, which states Mullins followed the victim's car to the impound as Detective Anderson instructed him to, (*id.* at 6-7) (citing *id.* at 24-25); (2) Mr. Wilson's probation officer's report containing facts pulled from the District Attorney's file, which sets out the most important details of the incident but does not seem to outright contradict any of the other statements, (*id.* at 7) (citing (*id.* at 26-29); (3) Officer Deane's incident report, which gives a brief summary of Brian Clark's statement but also does not seem to outright contradict the other statements, (*id.* at 6) (citing *id.* at 22-23); and (4) Officer Mullins's trial testimony, in which Officer Mullins says Brian Clark found him at another scene and told him about the shooting, and Officer Mullins drove them both back and was the first officer on the scene, (*id.* at 8) (citing *id.* at 30-40). Mr. Wilson also has said that the "Event Chronology" contradicts Officer Mullins's testimony that he was the first officer on the scene. (Doc. 12 at 8; *see also* doc. 4 at 19-21).

None of the cited evidence is detailed enough or precise enough to stand out as blatantly contradictory. Mr. Wilson has not shown good cause to believe further discovery would uncover evidence that would enable him to meet the high standard of actual innocence. *See Schlup*, 513 U.S. at 327, 329. Because good cause has not been shown for discovery or for a hearing, and the petition is

otherwise due to be dismissed, Mr. Wilson's request for appointment of an attorney is without merit. The Court overrules the objection.

### E. Objection 5

Mr. Wilson's fifth objection concerns Judge England's failure to address Mr. Wilson's remaining constitutional claims. (Doc. 16 at 7-8).[6] Because Mr. Wilson admits that his claims are time-barred, (Doc. 16 at 3), the Court may review those claims on the merits only if Mr. Wilson can successfully pass through the actual-innocence gateway. *See McQuiggin v. Perkins*, -- U.S. ---, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."). Because Mr. Wilson has not established actual innocence, his other constitutional claims are properly dismissed as untimely without a review of the merits of the claims. The Court overrules this objection.

---

[6] One of the claims Mr. Wilson contends the magistrate judge should have addressed is a stand-alone actual innocence claim, but, at this time, courts have not recognized a freestanding claim for actual innocence in noncapital habeas cases. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853 (1993); *Jordan v. Sec. of the Dept. of Corrs.*, 485 F.3d 1351, 1356 (11th Cir. 2007).

**CONCLUSION**

Based on its consideration of the record in this action, the Court adopts the magistrate judge's report and accepts his recommendation. The Court will dismiss the petition for writ of habeas corpus by separate order.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The Court finds that Mr. Wilson's claims do not satisfy either standard. Mr. Wilson may apply to the Eleventh Circuit Court of Appeals for a certificate of appealability. Rule 11, RULES GOVERNING SECTION 2254 CASES.

The Court will issue a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 11, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE